UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re.:  CELLPHONES, CAMERAS, LAPTOPS, AND OTHER ELECTRONIC DEVICES IN U.S. COURTHOUSES | ) ) ) ) | CASE NO. 1:25DJ26<br><br>JUDGE BRIDGET MEEHAN BRENNAN |
| GEORGIANA MONIQUE RIVERS | ) ) ) | **ORDER TO APPEAR AND SHOW CAUSE** |

On July 7, 2025, at the conclusion of judicial proceedings in the jury trial of Eric Powell, Case Number 1:24-cr-213, GEORGIANA MONIQUE RIVERS ("Rivers"), present in the courtroom, was observed by a member of the United States Marshal Service utilizing an electronic device in a manner suggesting she was recording the proceedings. A Detention Security Officer ("DSO") was alerted. As the DSO approached Rivers to confiscate the device, she jumped over a row of seats and ran out of the courtroom. Rivers was ultimately detained. The device was confiscated.

Pursuant to an Order of this Court, law enforcement officers confirmed the device created images/files while Rivers was known to be present in the courtroom.

General Order 2009-21-4, which applies "to all participants and spectators in the courtroom," expressly prohibits "the taking of photographs, recording, or broadcasting by any electronic device including cellular phones, cameras, radio, television, or other means" in a federal court facility.[1] Local Criminal Rule 53.1 and Local Civil Rule 83.1 also prohibit the use of electronic devices to photograph, record, or broadcast in the courthouse unless permission has

---

[1] General Order 2009-21-3 is cited in the entryway signage and the signage immediately inside Courtroom 15B. General Order 2009-21-4 amended General Order 2009-21-3 in June 2025. The amendment neither altered the prohibition cited here nor the consequences for violating the Order.

been granted by the Chief Judge or the District Judge presiding over the proceeding.  Rivers received no such permission.

Also notable are the notices alerting spectators like Rivers to this prohibition and sanctions for violations.  Two colored signs, each in their own pedestal floor stand, are displayed at the entryway to Courtroom 15B.  Another notice is similarly displayed immediately inside Courtroom 15B.  All three notices clearly state that photography and/or recordings are not permitted inside the courtroom.  A notice at the entryway and the notice immediately inside the courtroom state the penalties for violating the General Order and Local Rules, to include confiscation of the device; deletion of relevant data on the device; dismissal from the courtroom; and sanctions for contempt of court.  In short, Rivers passed three separate notices each time she entered the courtroom.

Fed. R. Crim. P. 42 governs criminal contempt proceedings.  It provides as follows:

(a) **Disposition After Notice**.  Any person who commits criminal contempt may be punished for that contempt after prosecution on notice.

(1) **Notice**.  The court must give the person notice in open court, in an order to show cause, or in an arrest order.  The notice must:

(A) state the time and place of the trial;

(B) allow the defendant a reasonable time to prepare a defense; and

(C) state the essential facts constituting the charged criminal contempt and describe it as such.

Title 18, United States Code, Section 401 provides in pertinent part that "[a] court of the United State shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

Accordingly, Rivers is hereby placed on notice that her conduct on July 7, 2025, in

creating images and/or recordings in Courtroom 15B during and in relation to the judicial proceedings that day, her immediate flight from the DSO, and any continuing violation of the Court's Order prohibiting photographs, recordings, or broadcasting are the essential facts giving rise to the charged criminal contempt.

Rivers is hereby ORDERED to appear before the Court in Courtroom 15B, 801 W. Superior Ave., Cleveland, Ohio 44113, at **9:00 a.m. on August 6, 2025**, to APPEAR AND SHOW CAUSE why she should not be held in criminal contempt. Rivers is presumed innocent. At the bench trial, Rivers will be given the opportunity to: (1) see, hear from, confront and cross examine any government witness; (2) present evidence by way of records or witness testimony; (3) testify in her own defense, although she cannot be compelled to do so, or exercise her right not to testify, which will not be considered by the Court in any way; and (4) otherwise present argument to the Court. The Court has appointed Nancy T. Jamieson, Law Office of Nancy T. Jamieson, 11510 Buckeye Road, Cleveland, Ohio 44104, (216) 721-7700, nancy.jamieson@gmail.com, to represent Rivers in these proceedings and any other proceedings related to this Order. If, however, counsel is retained, retained counsel must promptly file a notice of appearance.

**IT IS SO ORDERED.**

Date: July 18, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE